OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
This dispute, arising out of alleged conduct in 1974 and sued *831 upon initially in June 1976, was resolved by dismissal of plaintiffs amended complaint after a bench trial in January 1985. Plaintiff asserted — and reiterates on the appeal before us — a core claim for damages equal to a brokerage commission it would have earned but for defendant’s alleged tortious interference with a business opportunity; plaintiff also sought declaratory judgment relief as to future contingent rights.
We perceive no basis or need to reach and address the issue primarily advanced by the parties — whether plaintiff was entitled as a matter of statutory construction to a jury trial despite having joined declaratory relief among its demands— because the trial court, as unanimously affirmed by the Appellate Division, correctly resolved the case on a narrower failure-of-sufficient-proof basis. That ground would have obviated jury resolution in any event, since plaintiff’s failure to satisfy its prima facie burden of proof ended the case as a matter of law, irrespective of any potential jury trial entitlement and irrespective of whether plaintiff waived or forfeited such jury trial claim by operation of law or by litigation strategy.
The original 1976 complaint sought damages equal to the commission Collins would have earned had it brokered Colgate’s rental of a warehouse facility. Pursuant to motion, the complaint as amended in 1980 additionally demanded a declaratory judgment that if Colgate were to exercise its renewal option in 1991, Collins would be entitled to future damages equal to the commission it would have earned upon renewal. Colgate’s motion for summary judgment was denied in June 1982, with the Appellate Division affirming and then denying leave to appeal to this court. Collins filed a note of issue demanding a jury trial in May 1984, and after being advised of the court’s intention to hold a bench trial, Collins formally moved for a jury trial. That motion was denied in October 1984 and no appeal was taken and no stay sought. After a lengthy bench trial, Colgate’s motion to dismiss the amended complaint was granted in May 1986. The Appellate Division affirmed, without opinion, in October 1987. Collins’ appeal as of right to this court, purportedly on a constitutional jury trial issue, was dismissed sua sponte in March 1988 and we thereafter granted Collins’ motion for leave to appeal.
The trial court’s decision on the merits, stripped of its extraneous discourse, focused on the essentials relative to the issues presented to us now and, fairly read, provides an independent threshold basis for disposition of the appeal: "the plaintiff has failed to prove the elements of its causes of action *832 for interference with a business opportunity and for a breach of duty of good faith” (decision of Kirschenbaum, J., appendix, at 21). On this basis, there was nothing left to go to a jury— even assuming a statutory jury entitlement could emerge from the pleading and trial strategies charted by the plaintiff — and there is thus no basis to disturb the unanimously resolved rulings of the lower courts. We need reach no other issues.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.